Agnes R. **KREY,** Petitioner,

v.

**UNITED STATES of America, Railroad Retirement Board,** Respondent.

No. 83–3551.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) June 22, 1984.

Decided July 5, 1984.

As Amended July 25, 1984.

Gerard F. Wrabley, Richard E. Werner, Pittsburgh, Pa., for petitioner.

Steven A. Bartholow, Deputy Gen. Counsel, Chicago, Ill. (Edward S. Hintzke, Asst.

Gen. Counsel, Chicago, Ill.) (Michael C. Litt, General Atty., Railroad Retirement Board, Bureau of Law, Chicago, Ill.), for respondent.

Before ALDISERT, Chief Judge, HIGGINBOTHAM, Circuit Judge, and HUYETT, District Judge.[*]

## MEMORANDUM OPINION OF THE COURT

ALDISERT, Chief Judge.

This petition for review of a decision of the Railroad Retirement Board (Board) requires us to decide if the Board erred in concluding that petitioner's railroad retirement widow's annuity had to be reduced because of her receipt of Social Security payments. Additionally, we must decide if a recovery of an overpayment to her of $4,133.98 should not be waived. We deny the petition for review.

Agnes Krey became entitled to a widow's insurance annuity, under the Railroad Retirement Act, effective April 1, 1970. She became eligible for Social Security benefits based on her own earnings, effective July 1, 1978. This latter benefit was also paid by the Board. The Board determined that the receipt of a Social Security benefit required a reduction in petitioner's annuity, and that reduction became effective as of the date of her entitlement to the Social Security benefits. Accrued to her account at this time was $4,133.98 in railroad retirement benefits. The amount was not paid to her but was retained by the Board from the Social Security benefits due from it to Mrs. Krey.

A widow's insurance annuity under the Railroad Retirement Act consists of two tiers. The first is computed in accord with Railroad Retirement Act, 45 U.S.C. § 231c(f)(1), which provides in part:

The annuity of a survivor of a deceased employee under section 231a(d) of this title shall be in an amount equal to the amount ... of the widow's insurance

benefit ... to which he or she would have been entitled under the Social Security Act ... if such deceased employee's service as an employee after December 31, 1936, had been included in the term "employment" as defined in that Act.

Thus, this first tier is the amount of the widow's insurance benefit payable under the Social Security Act based on the same earnings' period. The second tier, computed in accord with 45 U.S.C. § 231c(g), provides for certain increases in the annuity amount derived from the first tier calculations. The first tier annuity amount may be reduced, however, under a provision of the Social Security Act, 42 U.S.C. § 402(k)(3)(A), which provides that a widow's benefit is reduced by the amount of any old age benefit the widow is entitled to receive. This legislation thus provides that the widow's insurance annuity under the Railroad Retirement Act must be reduced by the amount of the Social Security Benefit she becomes entitled to receive.

■ Petitioner contends that the reduction in the first tier of the railroad retirement annuity is in violation of the United States Constitution, but this question is no longer open. In *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 174, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980), the Court stated that "railroad benefits, like social security benefits, are not contractual and may be altered or even eliminated at any time." The Court upheld a challenge to the constitutionality of the statutory plan whereby eligibility for a windfall benefit was preserved as to certain categories of employees and not as to others. The windfall benefit in that case partially replaced the reduction made in an individuals' benefits by reason of their entitlement to Social Security benefits. It necessarily follows that the reduction is constitutional. In the Railroad Retirement Act, 45 U.S.C. § 231i(c) provides that:

[*] Honorable Daniel H. Huyett, 3rd, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

There shall be no recovery in any case in which more than the correct amount of annuities or other benefits has been paid under this subchapter to an individual or payment has been made to an individual not entitled thereto who, in the judgment of the Board, is without fault when, in the judgment of the Board, recovery would be contrary to the purpose of this subchapter ... *or would be against equity or good conscience.*

(Emphasis added.) *See* 42 U.S.C. § 404(b) (similar provisions in the Social Security Act).

The Board has promulgated regulations dealing with waiver. Thus, 20 C.F.R. § 255.12 (1983) provides, in pertinent part, that a waiver is not a matter of right and that the following factors, while neither controlling nor fully measuring the discretion of the Board, indicate the character of reasons which will be considered:

(d) The extent to which the individual is dependent upon the current payment of his annuity or pension for the necessities of life;

(e) Whether the individual has, by reason of the erroneous payment, changed his position in such manner as to make recovery a severe hardship.

On review we must decide whether the Board abused its discretion in refusing to waive the overpayment of $4,133.98. The Board reasoned that the overpayment did not represent payments actually received by the petitioner, but constituted funds in its possession. The suggestion was that if the recovery was made from monthly benefits actually received by the petitioner it would have been easier to prove "a severe hardship." We cannot find an abuse of discretion here.

The petition for review will be denied.